IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA A. RANDEL,

      Plaintiff,

    vs.                                                    Civ. No. 22-291 KWR/KK

CONOCOPHILLIPS COMPANY,
*et al.*,

      Defendants.

### ORDER SETTING RULE 16 SETTLEMENT CONFERENCE

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Federal Rule of Civil Procedure 16(a)(5) on **Friday, August 25, 2023, at 9:30 a.m., MST**, at the Pete V. Domenici United States Courthouse, 440 Hondo Courtroom, Fourth Floor, 333 Lomas Boulevard, Northwest, Albuquerque, New Mexico.[1] However, the Court will allow one or more parties to appear remotely via Zoom video-conferencing, provided they give the Court notice of their intent to do so at or before the telephonic pre-settlement conference. The Court has set aside three (3) hours for this settlement conference. However, the Court expects the participants to keep their schedules open the entire day of the conference so that they are available to work through the noon hour and into the evening, if the Court deems it necessary. **Motions to reschedule the settlement conference must be filed <u>no later than Thursday, August 10, 2023.</u>** Motions to reschedule the settlement conference filed after this date may be considered untimely in the Court's discretion.

---

[1] Counsel and parties are to go directly to the courtroom. Counsel are allowed to have cell phones, including a cell phone with a camera. Clients and representatives are not allowed to have a cell phone, or any kind of recording device.

Individually named parties must attend in person, or via Zoom if the party has timely elected to participate remotely, unless excused by the Court upon written request. Excused parties must be available by telephone throughout the day of the conference. In the case of institutional parties, a designated representative, other than counsel of record, **with full and final settlement authority[2] must attend in person or via Zoom.** This requirement cannot be satisfied by hiring a local representative. If the appropriate representative with full and final authority resides in another state, he or she will be expected to make travel arrangements to attend in person and be available for the entire day. Lead counsel who will try the case must also attend in person or via Zoom. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[3]

No later than **Monday, July 24, 2023**, Plaintiff[4] shall serve on Defendant a written settlement demand. If Plaintiff is claiming special damages — *i.e.*, damages for pecuniary losses, such as past medical expenses, lost wages, or property damages — Plaintiff's written settlement demand must itemize such special damages and state the exact dollar amount Plaintiff is claiming for each category.

---

[2] A representative with full and final settlement authority should have the power to make decisions up to the amount of the opposing party's most recent offer or counteroffer, although the Court does not expect the representative to be prepared to pay that amount. If there is no single representative who can be vested with full and final settlement authority, or if there is any other impediment to such a representative attending the settlement conference, counsel is to include this information, with a brief explanation of the impediment at issue, in its confidential position statement to the Court.

[3] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

[4] Herein, the terms "Plaintiff" and "Defendant" shall encompass both singular and plural meanings.

No later than **Monday, August 7, 2023**, Defendant shall serve on Plaintiff a written counteroffer. If a release is contemplated, defense counsel shall include a proposed form of release with its counteroffer. If Defendant disagrees with the amount of the special damages Plaintiff has claimed, Defendant's counteroffer must state the exact dollar amount Defendant believes to be correct for each category. For example, if Plaintiff claims $1,000 in past medical expenses, and Defendant believes the correct amount of past medical expenses is $500, Defendant's letter must clearly state that Plaintiff's past medical expenses amount to $500. It is insufficient to merely say, "Defendant disagrees that Plaintiff has $1,000 in past medical expenses." If there is any dispute about special damages, counsel will be required to do two things. First, lead trial counsel for each party must meet in person or telephonically before the settlement conference to try to resolve the dispute. Counsel are specifically instructed to talk to one other; an exchange of emails or correspondence is insufficient. Second, if the dispute cannot be resolved, lead trial counsel for each party must bring to the settlement conference all documentation supporting his or her position on special damages and be prepared to personally argue this position. This duty cannot be delegated to an associate, party representative, or insurance representative. The Court will expect each lead trial counsel to be prepared to present his or her case on special damages.

The parties' written offer and counteroffer must be made in a good-faith effort to resolve the litigation. If the parties have previously engaged in settlement negotiations, Plaintiff's written demand should generally be lower than Plaintiff's most recent demand, and Defendant's counteroffer should generally be higher than Defendant's most recent counteroffer.

Participants in a settlement conference must also be willing to engage in a good-faith exchange of information. The parties are therefore encouraged to exchange position papers, no later than the deadlines for exchanging their written demand and counteroffer, setting forth

3

evidence and legal principles that support their claims or defenses with a brief explanation of why damages or other relief would or would not be warranted. The settlement conference is intended to be a time-out from litigation and any position papers exchanged should be written to educate the other side about areas of factual and legal agreement and disagreement. The tone of these papers should not be litigious or inflammatory. The parties are encouraged to exchange key records, reports and documentation supporting their positions with regard to liability and damages to the extent not already exchanged in discovery. If settlement is not achieved before the settlement conference, the parties must be prepared to engage in further good-faith negotiations and exchange additional offers and counteroffers at the settlement conference.

No later than **Friday, August 11, 2023**,[5] each party must submit to the Court, in confidence, a concise position statement (typically no more than 10 pages) containing a brief summary of the facts and statement regarding its position on liability; an analysis of the evidentiary and legal strengths and weaknesses of its case; status of discovery; identification of any pending motions; an outline or itemization of damages or other relief requested; status of settlement negotiations to date; and, the names of the individuals who will be attending the conference and in what capacity. If a party has multiple insurance carriers providing potential primary and/or excess coverage in the case, that party's counsel must also address each carrier's anticipated role, if any, in settlement negotiations. Parties are to attach their most recent written settlement demand or counteroffer, as well as any position papers they have sent to the opposing side, as addenda to their position statements to the Court. Position statements may be submitted to the Court by facsimile

---

[5] Counsel will be required to attend a show cause hearing and may be assessed a sanction of up to $100 for each day the position paper is late unless a timely written request for an extension is received and approved by the Court.

at **(505) 348-2345** or by e-mail at **khalsaproposedtext@nmd.uscourts.gov**. Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **Friday, August 11, 2023**.

At the settlement conference the parties or their counsel **may** be asked to answer the Court's questions in an initial joint session. If any party has reservations about providing any statement or answering questions in the presence of the opposing side, these concerns should be raised in the confidential settlement letter to the Court. The majority of the settlement conference will be conducted in confidential separate caucuses with each party and the party's attorney(s) and representative(s).

The Court will conduct a telephonic pre-settlement conference on **Wednesday, August 16, 2023, at 2:30 p.m., MST**. Counsel are to call Judge Khalsa's AT&T conference line at **(877) 848-7030 and enter the code 7324132** to connect to the proceedings. Prior to the pre-settlement conference, counsel are directed to analyze and identify impediments to settlement, confer with their clients and prepare them for the mediation, and assess any additional information or matters that need to be addressed to the Court before the mediation. At the pre-settlement conference, counsel should also be prepared to address: (1) who will attend the settlement conference, and provide a brief statement as to their roles/positions in the case; (2) whether participants will be traveling from out of town to attend the conference; (3) in the case of institutional parties, whether settlement authority will come from pre-settlement committee review and, if so, whether complete and timely information has been obtained and provided to the committee so that appropriate authority will have been granted; and, (4) whether any additional documentation is needed concerning special damages claimed.

The Court may also contact counsel *ex parte* after receipt of the parties' position statements and before the settlement conference to discuss the settlement conference.

Please direct any inquiries to (505) 348-2340.

IT IS THEREFORE ORDERED as follows:

| | |
|---|---|
| **Plaintiff's demand letter due to Defendant:** | Monday, July 24, 2023 |
| **Defendant's counteroffer letter due to Plaintiff:** | Monday, August 7, 2023 |
| **Parties' confidential position statements due to the Court:** | Friday, August 11, 2023 |
| **Pre-settlement conference:** | Wednesday, August 16, 2023, at 2:30 p.m. |
| **Settlement conference:** | Friday, August 25, 2023, at 9:30 a.m. |

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE